# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:**<br><br>**Ryan William Hawkes and Suzann Margaret Hawkes,**<br><br>      **Debtors.** | **Bankruptcy Case<br>No. 19-00880-JDP** |
| **Spring Creek Capital, LLC,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**Ryan William Hawkes,**<br><br>      **Defendant.** | **Adversary Proceeding<br>No. 19-6057-JDP** |

## MEMORANDUM OF DECISION

**Appearances:**

 Joshua M. O'Hare, FOLEY FREEMAN, PLLC, Meridian, Idaho, Attorney for Plaintiff.

 Holly Roark, Boise, Idaho, Attorney for Defendant.

### *Introduction*

Before the Court is a motion to dismiss Count I of plaintiff Spring Creek Capital, LLC's ("Plaintiff") first amended adversary complaint. The motion was filed by defendant Ryan William Hawkes ("Defendant"). Dkt. Nos. 11, 14. Following the

MEMORANDUM OF DECISION−1

briefing, and a hearing held on February 25, 2020, the motion was taken under advisement. Dkt. No. 19. Having considered the parties' briefs and arguments, as well as the applicable law, the following decision disposes of the motion. Fed. R. Bankr. P. 7052; 9014.[1]

## *Analysis and Disposition*

Plaintiff's amended complaint seeks both to deny Defendant a discharge in his bankruptcy case under § 727(a) for several reasons, as well as to deem the debt owed to him by Defendant excepted from discharge under § 523(a)(2)(a) based upon Defendant's alleged fraudulent conduct. In his motion, Defendant seeks dismissal of Count I of Plaintiff's amended complaint under Civil Rule 12(b)(6), made applicable in adversary proceedings by Rule 7012(b), arguing that Plaintiff failed to allege enough facts to support the relief requested.

**A. Elements of an Exception to Discharge Under §§ 523(a)(2)(a) and (b)**

Two related exceptions to discharge based on a debtor's fraud are found in § 523(a). To prove that a debt is excepted from discharge under § 523(a)(2)(A), the creditor must establish by a preponderance of the evidence: (1) misrepresentation, fraudulent omission, or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION−2

proximately caused by its reliance on the debtor's statement or conduct. *In re Mcharo*, No. 6:18-BK-61242, 2020 WL 699881, at *2–3 (9th Cir. BAP Jan. 9, 2020) (quoting *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000)); *In re Mowery*, 591 B.R. 1, 5 (Bankr. D. Idaho 2018) (citing *In re Sabban*, 600 F.3d 1219, 1222 (9th Cir. 2010) (citing *Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1125 (9th Cir. 1996)). Because "[d]irect evidence of knowledge and fraudulent intent is rarely present; instead, [p]laintiff may prove knowledge and intent through circumstantial evidence." *Fetty v. DL Carlson Enters., Inc. (In re Carlson)*, 426 B.R. 840, 855 (Bankr. D. Idaho 2010) (citing *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1018 (9th Cir. 1997)).

Section 523(a)(2)(B) sanctions a debtor's fraud concerning its, or an insider's, financial condition. To prevail on this exception to discharge, the creditor must show by a preponderance of the evidence that: (1) it provided debtor with money, property, services, credit, or an extension of credit, based upon a written representation of fact by the debtor as to the debtor's financial condition, or the financial condition of debtor's insider; (2) the representation was materially false; (3) the debtor knew the representation was false when made; (4) the debtor made the representation with the intention of deceiving the creditor; (5) the creditor relied on the representation; (6) the creditor's reliance was reasonable; and (7) damage proximately resulted from the representation. *In re Maxwell*, 600 B.R. 62, 69–70 (9th Cir. BAP 2019) (citing *Grogan v. Garner*, 498 U.S. 279, 286-87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (setting forth the preponderance of

MEMORANDUM OF DECISION−3

the evidence standard); *Candland v. Ins. Co. of N. Am. (In re Candland)*, 90 F.3d 1466, 1469 (9th Cir. 1996); *Gertsch v. Johnson & Johnson Fin. Corp. (In re Gertsch)*, 237 B.R. 160, 167 (9th Cir. BAP 1999); *In re Siriani*, 967 F.2d at 304 (adopting the elements required under the companion § 523(a)(2)(A), with the additional and obvious requirement that the alleged fraud stem from a false statement in writing)).

The crucial difference in the scope of these two similar discharge exceptions is highlighted in § 523(a)(2)(A) which applies only to a debt "obtained by false pretenses, a false representation, or actual fraud, *other than a statement respecting the debtor's or an insider's financial condition*," whereas § 523(a)(2)(B) excepts from discharge debts obtained by materially false *written statements respecting a debtor's or insider's financial condition*. In other words, debts obtained by a debtor's materially false, but unwritten, statements respecting its financial condition are subject to discharge. *See Lamar, Archer, & Cofrin, LLP v. Appling*, ___ U.S. ___, 138 S. Ct. 1752, 1757, 201 L.Ed.2d 102 (2018) (emphasis added).

The creditor's reliance on a debtor's fraud required under § 523(a)(2)(B) must be both actual and reasonable. *Heritage Pac. Fin., LLC v. Montano (In re Montano)*, 501 B.R. 96, 115 (9th Cir. BAP 2013) (citing *Field v. Mans*, 516 U.S. 59, 68, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995)). Moreover, the degree of reliance required—reasonable—is more stringent than the justifiable reliance required under § 523(a)(2)(A), and evidences Congressional intent to create a heightened bar to discharge exceptions. *Lamar*, 138 S.Ct. at 1763; *In re Maxwell*, 600 B.R. at 70.

MEMORANDUM OF DECISION−4

B. **Allegations in the Amended Complaint**

Plaintiff's amended complaint offers the following general allegations, relevant to Count I:

7. Doug Clegg is the owner and operator of Plaintiff Spring Creek Capital, LLC.
8. Clegg and Defendant had a close relationship before these proceedings and often spent time together.

[9-13.] Describes loan made by Plaintiff to Defendant's wholly-owned auto dealership, C.A.R.S. Inc. [C.A.R.S.] , the terms of the loan agreement and of Defendant's personal guarantee of that loan, the default on the loan by C.A.R.S. Inc. and under the guarantee by Defendant, and that the outstanding balance due on the loan is $300,000 plus interest.

14. Because of the relationship between Clegg and Defendant, Clegg decided to forego any recourse to secure repayment from C.A.R.S. and instead gave them more time to pay back his debt.
15. Debtor made several assertions regarding C.A.R.S. output including about the large numbers of cars being sold in any given month, that things were going well, and that C.A.R.S. was very profitable.
16. These assertions were all false, in that C.A.R.S. was in fact in poor financial health and Defendant had taken millions of dollars of loans to support the dealership, personally guaranteeing many of them.
17. Defendant has not provided any accounting of C.A.R.S.'s income and expenses.
18. Defendant lists $1,233,140.13 in assets and $7,629,581.70 in liabilities in the bankruptcy schedules.

Dkt. No. 11. Incorporating these general allegations, Plaintiff specifically alleges in Count I of the amended complaint, the § 523(a)(2)(A) claim, that:

22. Defendant specifically told Plaintiff that he would be continuing to make the payments on the debt owed to Plaintiff.
23. Defendant assured Plaintiff numerous times that cash flow was good.
24. Defendant told Plaintiff on several occasions that Defendant's vehicle retail business had a "60-car month" or "80-car month" and that the sales would be sufficient to make payments to Plaintiff.

MEMORANDUM OF DECISION−5

25. That said statements were false because Defendant had made representations that many vehicles had been sold when, in fact, the vehicles were still on the car lot of C.A.R.S..
26. That said statements were false because money received as payments for sold cars was not used to pay debt owed to Plaintiff.
27. The false statements made by Defendant were intended to prevent or delay Plaintiff from seeking other recourse to receive payments on his debt.
28. Defendant established a pattern of continuously misleading Plaintiff to delay Plaintiff's collection of the debt.
29. That Plaintiff relied on those statements by foregoing other options for recovery and facing the possibility of nonpayment through discharge.
30. Plaintiff was damaged by these misrepresentations pursuant to *Carroll v. Jadallah*, 752 F. App'x 497 (9th Cir. 2019).

Dkt. No. 11.

**C. Legal Standard for Motions to Dismiss**

Civil Rule 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief may be granted. This Court has explained the standard to be applied in addressing such a motion in *In re Baker*, 574 B.R. 184 (Bankr. D. Idaho 2017):

> The purpose of such a motion is to "test a claim's legal sufficiency." *Beach v. Bank of Am. (In re Beach)*, 447 B.R. 313, 318 (Bankr. D. Idaho 2011) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). To survive a Rule 12(b)(6) motion, a complaint must plead sufficient facts, which when accepted as true, support a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible so long as it is based on a cognizable legal theory and has sufficiently alleged facts to support that theory. *In re Beach*, 447 B.R. at 318 (citing *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988))).
>
> "[Under Civil Rule 12(b)(6)], the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cornelius v. DeLuca*, 709 F.Supp.2d 1003, 1017 (D.

MEMORANDUM OF DECISION−6

Idaho 2010) (quoting *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005)).

*In re Baker*, 574 B.R. at 188 (quoting *Hillen v. City of Many Trees, LLC (In re CVAH, Inc.)*, 570 B.R. 816, 823-24 (Bankr. D. Idaho 2017)).

**D. Analysis**

Under this legal standard, Count I of Plaintiff's amended complaint fails to state a claim for relief and must be dismissed.

1. Requirement of Pleading with Particularity

As a threshold matter, Defendant correctly notes that Civil Rule 9(b), made applicable in adversary proceedings via Rule 7009, requires Plaintiff to "state with particularity the circumstances constituting fraud," while intent and knowledge may be alleged generally. Thus, under § 523(a)(2)(A), Plaintiff must set forth Defendant's misrepresentations, fraudulent omissions, or other deceptive conduct particularly, while knowledge of the falsity or deceptiveness of Defendant's statements or conduct, and the intent to deceive, may be generally alleged. Putting Civil Rule 9(b) in context, in this action Plaintiff must allege "the who, what, when, where, and how of the misconduct charged, . . . including what is false or misleading about a statement, and why it is false." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016). However, a complaint "need not allege 'a precise time frame,' 'describe in detail a single specific transaction' or identify the 'precise method' used to carry out the fraud." *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

MEMORANDUM OF DECISION−7

Taking the allegations in Plaintiff's amended complaint as true, the Court concludes that the allegations of fraud have not been pled with sufficient particularity. There is no time frame offered as to when Defendant's alleged statements were made, nor to whom they were made.  While Plaintiff alleges that Defendant assured it "numerous times" that C.A.R.S.'s cash flow was good, and that the sales volume was 60 or 80 cars per month on "several occasions", which would be sufficient to pay Plaintiff's debt, Plaintiff asserts those statements are false because the vehicles allegedly sold were still on the car lot, and the "money received as payments for sold cars was not used to pay debt owed to Plaintiff."  Dkt. No. 11 at ¶¶ 23-26.  Plaintiff does not offer any specifics about particular vehicles Defendant stated were sold but were in fact still for sale on the lot, nor is there sufficient information about the allegation of payments for vehicle sales not being used to pay Plaintiff's debt, to render it meaningful support for the allegation of fraud.

Plaintiff's amended complaint fails to state a claim for relief under § 523(a)(2)(A) because the amended complaint does not contain factual allegations of sufficient particularity to satisfy the "fraud" elements of Plaintiff's claim.  Thus, failing the requirements of Civil Rule 9(b), Defendant's motion to dismiss Count I will be granted.

2.  Statements "Respecting" a Debtor's "Financial Condition"

In addition to the Civil Rule 9(b) considerations justifying dismissal, the Court will also address the alternative bases for Defendant's motion to dismiss, beginning with whether Plaintiff's amended complaint alleges statements "respecting" the Debtor's

MEMORANDUM OF DECISION−8

"financial condition", a situation governed solely by § 523(a)(2)(B), not § 523(a)(2)(A) as alleged in Plaintiff's amended complaint. The United States Supreme Court recently considered these statutory terms in *Lamar*, 138 S.Ct. at 1759, and held that the word "respecting" was to be given an "expansive" reading. *Id*. at 1760. Moreover, the court also explained that "a statement is 'respecting' a debtor's financial condition if it has a direct relation to or impact on the debtor's overall financial status," which includes a statement about a single asset. *Id.* at 1761.

Defendant contends that the allegations in Plaintiff's complaint are easily encompassed within *Lamar's* expansive reading of "respecting" a debtor's "financial condition." Plaintiff, on the other hand, argues that the Ninth Circuit has chosen to retain a narrower reading of those terms post-*Lamar*, based on the unpublished decision of the Ninth Circuit, *Carroll v. Jadallah (In re Carroll)*, 752 F. App'x 497, 500 (9th Cir. 2019). That case, in turn, cites to the 10th Circuit's decision in *Cadwell v. Joelson (In re Joelson)*, 427 F.3d 700 (2005), which had previously been cited with approval by the Ninth Circuit Bankruptcy Appellate Panel in *Barnes v. Belice (In re Belice)*, 461 B.R. 564 (9th Cir. BAP 2011). The standard announced in *Joelson*, and utilized in *Barnes* and *Carroll,* is:

> Statements that present a picture of a debtor's overall financial health include those analogous to balance sheets, income statements, statements of changes in overall financial position, or income and debt statements that present the debtor or insider's net worth, overall financial health, or equation of assets and liabilities. However, such statements need not carry the formality of a balance sheet, income statement, statement of changes in financial position, or income and debt statement. What is important is not

MEMORANDUM OF DECISION−9

> the formality of the statement, but the information contained within it—information as to the debtor's or insider's overall net worth or overall income flow.

*Joelson*, 461 B.R. at 578.  Because the *Carroll* panel cited to this standard even while noting that *Joelson* had been abrogated by *Lamar*, Defendant contends that this Court should nevertheless employ this narrower standard and only find that a statement respects a debtor's financial condition when it is analogous to a balance sheet or otherwise presents a picture of the debtor's overall financial health.  Plaintiff, of course, disagrees.

The Court need not resolve this issue here, although it notes that the *Joelson* standard is perhaps not as narrow as Defendant suggests.  Under either standard, Defendant's statements as alleged "respect the financial condition" of Defendant's company, C.A.R.S.  Defendant's alleged statements about the company's income-positive output via its high sales numbers, and about the overall profitability of the business, including its good cash flow, satisfies the "direct relation to or impact on the debtor's overall financial status" standard announced in *Lamar*, as well as the "statements that present a picture of a debtor's overall financial health" and "information as to the debtor's or insider's overall net worth or overall income flow" standard from *Joelson*.

Because Defendant's alleged fraudulent statements respect his company's financial condition, Plaintiff must seek any exception to discharge solely under § 523(a)(2)(B).  To sustain such a claim, Plaintiff must prove it provided Defendant and C.A.R.S. with money, property, services, or credit based on a *written* representation of fact by the debtor as to the debtor's financial condition.  According to the amended

MEMORANDUM OF DECISION−10

complaint, only oral statements were allegedly made by Defendant; there are no allegations that Defendant made any fraudulent statements in writing. As a result, even if the allegations of the amended complaint are taken as true, Plaintiff cannot satisfy the elements of § 523(a)(2)(B). Defendant's motion to dismiss Count I of the amended complaint will also be granted on this basis.

**E. Leave to Amend**

Defendant prevailed on a prior motion to dismiss Count I of Plaintiff's original complaint because it failed to allege fraud with adequate particularity. However, the Court granted Plaintiff leave to file an amended complaint. Dkt. No. 9. Plaintiff did so, and this second motion to dismiss followed. Having now determined that Count I of the amended complaint must also be dismissed, should Plaintiff again be granted leave to amend?

The Court acknowledges this Circuit's liberal policy concerning amendments. "The standard for granting leave to amend is generous." *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 701(9th Cir. 1990). A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Knox v. U.S. Dep't of Interior*, 759 F. Supp. 2d 1223, 1231 (D. Idaho 2010) (quoting *Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009)). Indeed, the Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that

MEMORANDUM OF DECISION−11

the pleading could not possibly be cured by the allegation of other facts." *Knox,* 759 F. Supp. at 1231 (quoting *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Servs., Inc.,* 911 F.2d 242, 247 (9th Cir. 1990)).

This Court should consider four factors in assessing the propriety of leave to amend under these circumstances: 1) the presence of undue delay, bad faith or dilatory motive on the part of the movant; 2) repeated failure to cure deficiencies by amendments previously allowed; 3) undue prejudice to the opposing party by virtue of allowance of the amendment; and 4) futility of amendment. *Jacobs Silver K Farms, Inc. v. Taylor Produce, LLC*, 101 F. Supp. 3d 962, 974 (D. Idaho 2015) (citing *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.,* 654 F.3d 975, 985 n. 5 (9th Cir. 2011)).

Based upon this record, the Court concludes that it would be futile to offer Plaintiff yet another opportunity to amend its complaint to state a claim under § 523(a)(2). At the hearings, the Court inquired repeatedly of Plaintiff's counsel if he or his client was aware of any *written* fraudulent representations made by Defendant. Counsel indicated there were no written documents upon which to base a claim. Presumably, if Plaintiff had access to such information, appropriate allegations would have been included in the amended complaint. None were; all fraud alleged therein was oral, not written. Put another way, though given the opportunity to do so, Plaintiff apparently cannot amend the complaint to allege facts sufficient to sustain a claim under § 523(a)(2). Under these circumstances, the Court's dismissal of Count I will be with prejudice.

MEMORANDUM OF DECISION−12

*Conclusion*

The Court grants Defendant's motion to dismiss because the allegations of fraud on the part of Defendant were not pled with sufficient particularity as required under Civil Rule 9(b).  Moreover, the Court finds that all the statements alleged in the amended complaint are oral in nature and respect the debtor's financial condition.  As such, they are not excepted from discharge under § 523(a)(2)(A) or (B).  Per Civil Rule 12(b)(6), Count I of the amended complaint fails to state a claim upon which relief may be granted.  Because Plaintiff was given a previous opportunity to amend, to no avail, and has not argued that facts exist to support the claim in another amended complaint, the Court declines to grant leave to further amend and the dismissal will be with prejudice.

A separate order will be entered.

DATED: March 10, 2020

_____
Jim D. Pappas
U.S. Bankruptcy Judge