Holly Roark, ISB No. 7143
**ROARK LAW OFFICES**
950 Bannock St. Ste. 1100
Boise, ID 83702
Telephone: (208) 536-3638
Facsimile: (310) 553-2601
Email: holly@roarklawboise.com

*Counsel for Defendant*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| In re: | Case No. 19-00880-JDP |
| RYAN WILLIAM HAWKES, and SUZANN MARGARET HAWKES, | Chapter 7 |
| Debtors. | |
| SPRING CREEK CAPITAL, LLC | Adv. No. 19-06057-JDP |
| Plaintiff, | |
| v. | |
| RYAN WILLIAM HAWKES | |
| Defendant, | |

## ANSWER TO AMENDED COMPLAINT

Defendant RYAN WILLIAM HAWKES ("Defendant"), by and through his undersigned counsel Roark Law Offices and without admitting any liability or damages to plaintiff SPRING CREEK CAPITAL, LLC ("Plaintiff"), and without assuming the burden of proof as to any issue in this litigation, hereby answers Plaintiff's First Amended Adversary Complaint (Dkt. 11) ("Complaint") and admits, denies, and alleges as follows:

ANSWER TO AMENDED COMPLAINT – PAGE 1

## JURISDICTION AND VENUE

1. Defendant admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

## FACTS APPLICABLE TO ALL COUNTS

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains statements and legal conclusions with respect to the word "default" to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 11. Additionally, Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies the same.

12. Paragraph 12 of the Complaint contains statements and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 12. Additionally, Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies the same.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

ANSWER TO AMENDED COMPLAINT – PAGE 2

14. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 14 of the Complaint and, therefore, denies the same.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 17 of the Complaint and, therefore, denies the same.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

## COUNT 1

**FRAUDULENT MISREPRESENTATION AND OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. §523(a)(2)(A)**

21. N/A Cause of action dismissed with prejudice.

22. N/A Cause of action dismissed with prejudice.

23. N/A Cause of action dismissed with prejudice.

24. N/A Cause of action dismissed with prejudice.

25. N/A Cause of action dismissed with prejudice.

26. N/A Cause of action dismissed with prejudice.

27. N/A Cause of action dismissed with prejudice.

28. N/A Cause of action dismissed with prejudice.

29. N/A Cause of action dismissed with prejudice.

30. N/A Cause of action dismissed with prejudice.

## COUNT 2

## FRAUDULENT MISREPRESENTATION AND OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. §727(a)(2)(A) and (B)

31. Defendant reasserts all of the foregoing paragraphs as if fully set forth herein.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. The allegations in Paragraph 33 of the Complaint contain statements and conclusions of law, specifically with respect to the word "transferred," to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

## COUNT 3

## GENDERAL DISCHARGE PURSUANT TO 11 U.S.C. §727(a)(3) OF U.S.C. TITLE 11

37. Defendant reasserts all of the foregoing paragraphs as if fully set forth herein.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

ANSWER TO AMENDED COMPLAINT – PAGE 4

## COUNT 4

**GENDERAL DISCHARGE PURSUANT TO 11 U.S.C. §727(a)(4) OF U.S.C. TITLE 11**

42. Defendant reasserts all of the foregoing paragraphs as if fully set forth herein.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

## COUNT 5

**REQUEST FOR ATTORNEYS FEES AND COSTS**

45. With respect to Paragraph 45 of the Complaint, Defendant responds that without comparing the Exhibit word for word to Defendant's document on file it is impossible to authenticate this Exhibit, and therefore denies the same. Assuming the Exhibit is authentic, then the terms therein speak for themselves. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 45 of the Complaint and, therefore, denies the same.

46. Defendant lacks sufficient information to admit or deny the allegations set forth in Paragraph 46 of the Complaint and, therefore, denies the same.

## PRAYER FOR RELIEF

Answering Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief stated in paragraphs (1) through (4), or any other relief.

Defendant prays for all other relief that is just and proper.

## AFFIRMATIVE DEFENSES

In asserting the following defenses, Defendant does not assume the burden of proving any element thereof that any applicable case law, common law, statute, rule, regulation or other authority places upon Plaintiff.

## FIRST DEFENSE

Defendant denies each allegation contained in the Complaint that is not expressly and specifically admitted herein.

## SECOND DEFENSE

The Complaint fails to state a claim under which relief can be granted, pursuant to Rule 7012(b)(6) of the Rules of Bankruptcy Procedure and any other applicable provision of law.

## THIRD DEFENSE

(Failure to Mitigate Damages)

Plaintiff failed to mitigate its damages.

## FOURTH DEFENSE

(Consent)

Plaintiff consented to Defendant's behavior.

## FIFTH DEFENSE

(No damages)

Plaintiff has not been damaged.

## SIXTH DEFENSE

(Plaintiff caused its own damages)

To the extent Plaintiff has been damaged, such damage was caused by Plaintiff.

## SEVENTH DEFENSE

(Waiver - Course of Conduct)

The Parties engaged in a course of conduct customary in the industry and customary to Plaintiff and which conduct waives Plaintiff's claims against Defendant.

## REQUEST FOR ATTORNEY'S FEES

Defendant has been required to retain legal counsel to defend against Plaintiff's Complaint. Defendant requests an award of the costs and attorney's fees he incurs in defending against this action, pursuant to Idaho Code §§ 12-120 and 12-121, and pursuant to contract.

## RESERVATION

This case has only recently been initiated. Therefore, Defendant reserves, among other things, the right to amend this pleading and assert any additional claims, counterclaims, cross-claims or defenses available.

## DEMAND FOR A JURY TRIAL

Defendant hereby demands a trial by jury under Rule 9015 of the Federal Rules of Bankruptcy Procedure on all claims to which Defendant is entitled to a trial by jury.

RESPECTFULLY SUBMITTED this 26th day of March, 2020.

ROARK LAW OFFICES

/s/Holly Roark
_____
Holly Roark, Attorney for Defendant

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 26, 2020, I filed the foregoing document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- Joshua M O'Hare johare@foleyfreeman.com and Patrick John Geile pgeile@foleyfreeman.com on behalf of Spring Creek Capital, LLC
- Holly Roark holly@roarklawboise.com on behalf of Ryan William Hawkes

      AND I FURTHER CERTIFY that on the same date, I served the foregoing documents on the following non-CM/ECF Registered Participants in the manner indicated:

      Via first class mail, postage prepaid addressed as follows:

N/A


/s/ *Holly Roark*

_____

Holly Roark